[62 NYS3d 154]

In the Matter of STEVEN B. COTTLER (Admitted as STEVEN BRUCE COTTLER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 11, 2107

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated February 14, 2017, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9 (a); the Grievance Committee for the Ninth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated July 14, 2016, by service upon the respondent of a copy of the decision and order on motion of this Court dated February 14, 2017, together with a notice of petition and the verified petition dated July 14, 2016; and the issues raised by the verified petition, and any answer thereto, were referred to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report.

On March 9, 2017, the respondent was personally served with the Court's decision and order on motion dated February 14, 2017, as well as a notice of petition, dated March 8, 2017, and the verified petition dated July 14, 2016, and an affidavit of service was duly filed with this Court on March 20, 2017. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the verified petition. The verified petition contains nine charges alleging, inter alia, that the respondent improperly used his attorney trust account for personal purposes, authorized disbursements from the account without ensuring adequate funds were on deposit, drew checks to "cash" and made other improper cash withdrawals, commingled personal funds with trust funds, collected excessive fees, failed to account for guardianship funds, and failed to cooperate with the petitioner in its investigation of three complaints of professional misconduct filed against him. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. Although the motion papers were served upon the respondent on May 22, 2017, he has neither opposed the instant motion nor interposed any response thereto.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven B. Cottler, admitted as Steven Bruce Cottler, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Steven B. Cottler, admitted as Steven Bruce Cottler, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Steven B. Cottler, admitted as Steven Bruce Cottler, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven B. Cottler, admitted as Steven Bruce Cottler, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).